## No. 2151.—WILLIAM L. WYNN v. A. D. KELLY & Co.

The Louisiana State Bank was the creditor of J. C. Patrick, and took as security therefor his notes, payable to and indorsed by A. D. Kelly & Co. The bank held these notes until after their maturity, and sold them, and placed the proceeds to the extinguishment of their debt against J. C. Patrick. About this time the bank was forced into liquidation by military order, and, by a provision of their charter, they were obliged to receive their own notes, (which were then at a heavy discount), in payment of debts due them. The purchaser of the Patrick notes, in pledge, and sold by the bank, paid for them in the notes of the bank. The indorsers on the notes, who now admit their liability, seek to discharge them by paying in the notes of the bank. That being the currency or paper in which the holder paid the bank for the notes who held them in pledge. Held—That it was no defense for the maker or indorser of a promissory note, in the hands of the present owner, that he might at one time, while the bank was the owner, have discharged it in the notes of the bank; that the holder of negotiable paper, transferred after maturity, is only liable to be met with the equities existing between the original parties.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *C. Belcher*, for plaintiff and appellant. *Clark, Bayne & Renshaw*, for defendants and appellees.

WYLY, J. The defendants, sued as the indorsers of two promissory notes made by J. C. Patrick, were condemned to pay the amount of the demand of the plaintiff, but in the decree were given the privilege to pay the debt in the notes of the Bank of Louisiana.

From this judgment the plaintiff has appealed.

It appears that A. D. Kelly & Co. being largely indebted to the Bank of Louisiana made a pledge of the notes sued on before their maturity; that by a stipulation in the act of pledge the bank was authorized to sell the notes at public or private sale and apply the proceeds to the payment of the debt for which they were given in pledge; that after maturity these notes were sold by the pledgee to the plaintiff for

their full value, principal and interest, and the proceeds thereof duly credited on the debt secured by the pledge, the bank, however, receiving, in consideration of the sale, its own notes. At the maturity of these notes the pledgers, the indorsers, who are the defendants herein, waived demand, notice of protest and acknowledged that they were bound for the payment of the notes in the same manner "as if demand, protest, and notice of protest, had been duly made and given." Previous to the sale the pledgee notified the pledgers that the assets pledged would be sold unless their indebtedness to the bank was settled.

The defense is, not that the conditional obligation of the indorsers was not properly rendered unconditional; nor is it that the pledgee was unauthorized to transfer to the plaintiff the assets pledged, but it is that the plaintiff having bought the notes after maturity, paying the bank, in consideration of the purchase, its own notes, worth only thirty cents on the dollar, could only recover judgment against them payable in said bank notes, if they should be held liable as indorsers; but that these defendants are not bound as indorsers, having only indorsed the notes for the purpose of transferring the rights of the pledgers to the pledgee.

The district judge saw no force in the argument that the defendants could not pledge their obligation to secure their own debt to the bank; but he thought that as the bank, placed in liquidation by a military order, was bound, under the act of 1842, to receive its own notes, if tendered, in payment, so the plaintiff, the transferree of the bank, after maturity, is likewise bound to receive in payment the notes of the said bank. Here we think the learned judge has committed an error. The holder of negotiable paper, transferred after maturity, is only liable to be met with the equities existing between the original parties. The notes before us were drawn to the order of the defendants, A. D. Kelly & Co., by the maker, J. C. Patrick, and they were indorsed in blank by the payees and pledged to the bank. There is no equities set up between the payees and the maker, Patrick. There is no question as to the authority of the pledgee to transfer these notes to the plaintiff. Then what defense is it that plaintiffs' transferrer, the bank, at one time, while holding the paper, might have been compelled to receive in payment its own notes if they had been tendered? Is it a valid defense for the makers of a note or its indorsers to set up that they once might have had the opportunity to oppose to it, in the hands of a certain previous transferree, the plea of compensation had they only bought up, at a discount, the paper of the said transferree?

That the pledgers intended to bind themselves as indorsers of the Patrick notes, we think is affirmatively shown from the waiver of protest and acknowledgment of liability which they indorsed on these notes, at maturity, while in the hands of the pledgee. Even without

this affirmative proof, the indorser, before maturity, incurs a certain conditional liability by his act of indorsement, which may become unconditional by due notice of dishonor. ·

As to the position that the defendants could not pledge their obligation as indorsers to secure their own debt to the bank, we think, with the judge *a quo*, that the position is untenable. Under articles 3121 and 3122 Civil Code, one may pawn every corporeal thing susceptible of alienation; one may pawn money as security for performing or refraining to perform an act; one may, in fine, pawn incorporeal movables, such as credits and other claims of that nature.

The notes on which the defendants are sued, were original obligations, although once held in pledge to secure another debt. Having been regularly sold by the pledgee they can be enforced in the hands of the purchaser just the same as though they had never been pawned. They have an independent existence from the debt they were once pledged to secure. This answers the strange argument of the learned counsel of the appellee, which is this : That, because the proceeds of the sale of the pawned notes have been applied by the pawnee to the payment of the debt they secured, therefore the purchaser from the pawnee can not enforce the collection of these notes, on the ground that once having been pawned, and therefore accessory, they can not be raised to the rank of principal obligations, and, as accessories, they were discharged by the application of the money for which they were sold, to the payment of the debt for which they had been pawned.

It is therefore ordered that the judgment of the court below be amended by striking out that part thereof giving the defendants the privilege of paying the same in the notes of the Bank of Louisiana, and, as thus amended, that it be affirmed. Appellees paying costs of this appeal.